# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL SECURITY NEWS SERVICE, *et al.*, | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No. 08-1772 (RMC) |
| THE UNITED STATES DEPARTMENT OF THE NAVY, | ) ) ) |  |
| Defendant. | ) ) ) |  |

## MEMORANDUM OPINION

Plaintiffs, a news service organization and a journalist, seek to compel the Defendant United States Department of the Navy to release "all patient admission records for Portsmouth Naval Hospital for July 24th, 1964 and July 25th, 1964" pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *See* Def.'s Opp'n to Pl.'s Mot. for Summ. J., Ex. 1 ("FOIA Request"). After reading the parties' briefs and reviewing the records *in camera*, the Court finds that the requested patient admission records are exempt from compelled disclosure under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Accordingly, Plaintiffs' motion for summary judgment will be denied and Plaintiffs' Complaint dismissed.

## I. FACTS

On August 28, 2008, Plaintiffs submitted a FOIA request to the Naval Medical Center, Portsmouth requesting "all patient admission records for Portsmouth Naval Hospital for July 24th, 1964 and July 25th, 1964." *See* FOIA Request. The Naval Medical Center denied Plaintiffs'

FOIA request on September 26, 2008, asserting that the requested patient admission records are exempt from compelled disclosure by FOIA Exemption 6, 5 U.S.C. § 552(b)(6). On October 1, 2008, Plaintiffs administratively appealed the denial of their FOIA request to the Office of the Judge Advocate General. That Office denied Plaintiffs' administrative appeal on October 17, 2008, agreeing with the Naval Medical Center's conclusion that the requested patient admission records are exempt from mandatory disclosure by FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Plaintiffs now ask this Court to compel the Navy to disclose the requested patient admission records, and have moved for summary judgment. Defendant opposes the motion and asks the Court to dismiss the case.

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). Moreover, summary judgment is properly granted against a party that "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson*, 477 U.S. at 248. A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at

322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.   A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*  In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## III.  ANALYSIS

The FOIA mandates the disclosure of federal agency records unless the records are exempt from compelled disclosure by one of nine exemptions.  *See* 5 U.S.C. § 552(a)(3)(A), (d); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975).  FOIA Exemption 6 exempts from compelled disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).

A.      **The Requested Patient Admission Records are "Personnel and Medical Files and Similar Files" Within the Meaning of Exemption 6**

Plaintiffs have requested the names of individual patients who sought treatment at the Portsmouth Naval Hospital on July 24, 1964 and July 25, 1964. *See* FOIA Request. While the requested patient admission records appear to qualify as "medical files," the Court need not make that determination because the Court finds that the records clearly qualify as "similar files" as defined by the Supreme Court. *See United States Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982) (defining "similar files" broadly to include agency records containing "information which applies to a particular individual"); *see also Minnis v. United States Dep't of Agric.*, 737 F.2d 784, 786 (9th Cir. 1984) ("Lists of names . . . meet this definition.").

B.      **Disclosure "Would Constitute a Clearly Unwarranted Invasion of Personal Privacy" Within the Meaning of Exemption 6**

Whether disclosure of the requested patient admission records "would constitute a clearly unwarranted invasion of personal privacy" depends on the balancing of the private and public interests involved. *See Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976). The patients listed in the requested hospital admission records have a substantial privacy interest in avoiding disclosure of the fact that they sought medical treatment. "In this context, the privacy interest of an individual in avoiding the unlimited disclosure of his or her name . . . is significant . . . ." *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989). "In our society, individuals generally have a large measure of control over the disclosure of their own identities and whereabouts." *Id.* Records, such as the ones Plaintiffs seek here, indicating that individuals sought medical treatment at a hospital are particularly sensitive. *See generally* Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-91, 110 Stat. 1936 (1996). Plaintiffs'

attempt to recharacterize the records they seek by labeling them "duty station assignment information" is belied by their own FOIA request expressly seeking "patient admission records." *See* FOIA Request.  Accordingly, the Court is unpersuaded by Plaintiffs' argument that the privacy interest in this case is "virtually nonexistent."  Pl.'s Mem. in Supp. of Mot. for Summ. J., at 11.

Furthermore, Plaintiffs advance no public interest cognizable under the FOIA that would outweigh the listed patients' substantial privacy interests in avoiding disclosure of the fact that they were hospitalized.  Disclosure is only in the public interest within the meaning of the FOIA if it "sheds light on an agency's performance of its statutory duties."  *United States Dep't of Justice v. Reporter's Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989).  No public interest is served by "disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct."  *Id.*  Disclosure of the requested patient admission records only would reveal who was admitted to the Naval Medical Center; it would reveal nothing about the Navy's own conduct.  This is so irrespective of whether one of the persons then admitted to the hospital is now a public figure.  The Court "need not linger over the balance[,]" however, because "something, even a modest privacy interest, outweighs nothing every time."  *Horner*, 879 F.2d at 879.

## IV.  CONCLUSION

For the foregoing reasons the Court will deny Plaintiffs' Motion for Summary Judgment and will dismiss Plaintiffs' Complaint with prejudice.   A memorializing Order accompanies this Memorandum Opinion.

Date: October 31, 2008                           _____/s/_____
                                                 ROSEMARY M. COLLYER
                                                 United States District Judge